UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KIA CHEVALIER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RAY & JOAN KROC CORPS. COMMUNITY CENTER, SALVATION ARMY RAILTON PLACE, 242 TURK STREET (SF), 94102-3808,<br><br>　　　　Defendants. | Case No: C 11-4891 SBA<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Docket 14, 22. |

Pro se Plaintiff Kia Chevalier ("Plaintiff") filed the instant action on September 30, 2011, alleging thirteen claims for relief against Defendants. Compl., Dkt. 1. The parties are presently before the Court on Defendant The Salvation Army's ("Defendant") motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. Dkt. 14. Plaintiff opposes the motions. Dkt. 22. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby GRANTS the motion to dismiss and DENIES the motion for a more definite statement as MOOT, for the reasons stated below. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.   **DISCUSSION**

　　A.   **Motion to Dismiss**

　　　　1.   **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th

Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); see also Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000) (Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case."). Rule 8 also requires that each allegation of a complaint be "simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). This requirement "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a complaint give "fair notice" of the claim being asserted and the "grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. Id. at 649.

The pleading standard under Rule 8 does not require "detailed factual allegations," but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 129 S.Ct. at 1949 (citing Twombly 550 U.S. at 570).

1  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
2  court to draw the reasonable inference that the defendant is liable for the misconduct
3  alleged."  Iqbal, 129 S.Ct. at 1949 (citing Twombly 550 U.S. at 556).  "[W]here the well-
4  pleaded facts do not permit the court to infer more than the mere possibility of misconduct,
5  the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' "
6  Iqbal, 129 S.Ct. at 1950.

### 2. Analysis

Plaintiff's 2-page complaint alleges thirteen claims for relief predicated on both state and federal law.  Although unclear, the claims alleged in the complaint appear to arise out of Defendant's decision to prohibit Plaintiff from residing at or visiting Railton Place, Compl. at 2-3, which is a 110 unit transitional and permanent residence for the homeless located at 242 Turk Street, San Francisco.  Def.'s Mot. at 4.  Plaintiff alleges that this "bad act" has caused "compelling" and "irrevers[i]ble" damage to, among other things, her name, reputation, future prospects, good character, "legend," good name, future income, and identity.  Compl. at 2.

Defendant contends that dismissal of the complaint is appropriate because it does not comply with Rule 8.  The Court agrees.  The allegations in the complaint are vague, conclusory, rambling, and at times incomprehensible.  The complaint identifies thirteen claims, but fails to set forth a "short and plain statement" of any claim showing that Plaintiff is entitled to relief as required by Rule 8(a)(2).  The complaint does not allege facts that plainly and succinctly identify the transaction or occurrence giving rise to each legal claim and the facts that support the elements of that claim.

Nor does the complaint comply with Rule 8(d)(1)'s requirement that a complaint contain "simple, concise, and direct" allegations.  The complaint does not simply, concisely, or directly identify which wrongs were committed by which Defendant.  The pleading lacks specific allegations identifying whom Plaintiff is suing for what wrongs and the conduct that the particular Defendant or Defendants engaged in to support the wrongs alleged.  As such, the complaint fails to plead sufficient facts of each Defendant's purported

wrongdoing to provide fair notice of the claims alleged against it and the grounds upon which those claims rest.[1]

Accordingly, because the complaint does not comply with Rule 8, Defendant's motion to dismiss is GRANTED.  However, given Plaintiff's pro se status, the Court will afford Plaintiff the opportunity to file a first amended complaint consistent with this Order.  See Lopez v. Smith, 203 F.3d 1122, 1128 (9th Cir. 2000) (dismissal of pro se complaint without leave to amend for failure to state claim is proper only where obvious that amendment would be futile).

**B.  Motion for a More Definite Statement**

In light of the Court's ruling on the motion to dismiss, Defendant's motion for a more definite statement is DENIED as MOOT.

**II.  CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.  Defendant's motion to dismiss is GRANTED.  The complaint is DISMISSED with leave to amend.

2.  Plaintiff shall file a first amended complaint by no later than twenty-one (21) days from the date this Order is filed.  In any amended complaint, Plaintiff should clearly delineate each legal claim, state facts indicating the nature and grounds for each claim, and specifically identify the Defendant or Defendants she maintains are liable for that claim.  Plaintiff should be aware that a first amended complaint will supersede or replace the complaint and the complaint will thereafter be treated as nonexistent.  Armstrong v. Davis, 275 F.3d 849, 878 n. 40 (9th Cir. 2001), abrogated on other grounds by Johnson v. Cal.,

---

[1] Moreover, with respect to Plaintiff's attempt to allege a fraud claim, Plaintiff has failed to allege the circumstances constituting fraud with particularity as required by Fed.R.Civ.P. 9(b).  Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong.  Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. " '[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false.' " Id.

543 U.S. 499 (2005).  The first amended complaint must therefore be complete in itself without reference to the prior or superseded pleading, as "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).  The Court warns Plaintiff that the failure to timely file a first amended complaint that complies with this Order will result in dismissal of this action.

       3.      Defendant's motion for a more definite statement is DENIED as MOOT.

       4.      This Order terminates Docket 14 and Docket 22.

IT IS SO ORDERED

Dated:  6/7/12

                                                  *Saundra B. Armstrong*
                                                  SAUNDRA BROWN ARMSTRONG
                                                  United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CHEVALIER et al,

        Plaintiff,

  v.

RAY & JOAN KROC CORPS. COMMUNITY CENTER et al,

        Defendant.
_____/

Case Number: CV11-04891 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 8, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kia Chevalier
Post Office Box 55641
Hayward, CA 94545-0641

Dated: June 8, 2012
                              Richard W. Wieking, Clerk
                                By: Lisa Clark, Deputy Clerk