1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

KIA CHEVALIER,

                Plaintiff,

     vs.

RAY & JOAN KROC CORPS.
COMMUNITY CENTER, SALVATION
ARMY RAILTON PLACE, 242 TURK
STREET (SF), 94102-3808,

                Defendants.

Case No:  C 11-4891  SBA

**DISMISSAL ORDER**

On July 16, 2012, Defendant The Salvation Army ("Defendant" or "Salvation Army") filed a motion to dismiss the first amended complaint ("FAC") under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. 34.  Under Civil Local Rule 7-3(a), any opposition or statement of non-opposition to Defendant's motion was due no later than 14 days after the motion was filed.[1]  As such, Plaintiff Kia Chevalier's ("Plaintiff") response to the motion should have been filed by no later than August 2, 2012.  This Court's Standing Orders specifically warn that the "failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion."  Civil Standing Orders at 5, Dkt. 11.  Notwithstanding the requirements of Civil Local Rule 7-3(a) and the Court's Standing Orders, Plaintiff did not file a timely response to Defendant's motion.  Thus, on August 14, 2012, the Court, *sua sponte*, granted Plaintiff an extension of time until August 24, 2012 to file her response to Defendant's

---

[1] However, under this rule, the Court extends by 3 days the deadline to file an opposition to a motion if the motion was not filed and served through the Court's Electronic Case Filing system.  N.D. Cal. Civ. L.R. 7-3(a).

1   motion to dismiss.  Dkt. 36.  The Court warned Plaintiff that in the event she failed to

2   timely respond to Defendant's motion, the Court would dismiss this action.  Id.  To date,

3   Plaintiff has filed nothing in response to Defendant's motion to dismiss or the Court's

4   August 14, 2012 Order.

5          "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an

6   action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d

7   1258, 1260 (9th Cir. 1992).  As such, the failure to file an opposition to a motion to dismiss

8   in the manner prescribed by the Court's Local Rules is grounds for dismissal.  Ghazali v.

9   Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  "In determining whether to dismiss a

10  claim for failure to prosecute or failure to comply with a court order, the Court must weigh

11  the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the

12  court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4)

13  the availability of less drastic alternatives; and (5) the public policy favoring disposition of

14  cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

15         In the instant case, the Court finds that the above-referenced factors weigh in favor

16  of dismissal.  With regard to the first factor, "[t]he public's interest in expeditious resolution

17  of litigation always favors dismissal."  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th

18  Cir. 1999).  This is particularly true in the instant case, where Plaintiff has impeded the

19  Court's ability to move this case forward by failing to respond to Defendant's motion or to

20  the Court's Order extending her time to do so.

21         The second factor also militates in favor of dismissal.  See Pagtalunan, 291 F.3d at

22  642 ("It is incumbent upon the Court to manage its docket without being subject to routine

23  noncompliance of litigants"); Yourish, 191 F.3d at 990 (recognizing court's need to control

24  its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order

25  diverts "valuable time that [the court] could have devoted to other major and serious

26  criminal and civil cases on its docket.").  Here, under Local Rule 7-3, Plaintiff was

27  obligated to file her opposition to the motion to dismiss by no later than August 2, 2012.  In

28  violation of that rule, she failed to do so.  Though the Court could have granted the motion

as unopposed, the Court issued an Order affording Plaintiff additional time to file a response to the motion.  Plaintiff, however, failed to file a response as ordered.  Plaintiff's repeated failure to comply with the Court's filing requirements undermines the Court's ability to manage its docket.

The third factor, the risk of prejudice to the defendant, generally requires that "a defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  Pagtalunan, 291 F.3d at, 642.  At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting."  Id.  Here, Plaintiff has offered no explanation for her failure to respond nor is any apparent from the record.  Indeed, Plaintiff has had almost two months to prepare his opposition.  These facts weigh strongly in favor of dismissal.  See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal.  As noted, the Court's Standing Orders warn that as a consequence of a party's failure to oppose a motion, the Court will construe such inaction as a consent to the granting of the unopposed motion.  In addition, the Court afforded Plaintiff a second opportunity to file an opposition (or statement of non-opposition), and again warned her that the failure to respond would result in the dismissal of the action.  "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."  Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of dismissing the action in its entirety.  Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against

1  dismissal).[2]  Accordingly,

2      IT IS HEREBY ORDERED THAT the instant action is DISMISSED WITHOUT

3  PREJUDICE pursuant to Rule 41(b).  The Clerk shall close the file and terminate all

4  pending matters and deadlines.

5      IT IS SO ORDERED

6  Dated:  9/19/12

7                                         SAUNDRA BROWN ARMSTRONG
                                          United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27      [2] Although the other named Defendants did not join the Salvation Army's motion to
   dismiss, the Court notes that the relevant considerations under Rule 41(b), as set forth
28  above, apply to the entirety of the action.

- 4 -

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CHEVALIER et al,

        Plaintiff,

  v.

RAY & JOAN KROC CORPS. COMMUNITY
CENTER et al,

        Defendant.
_____/

Case Number: CV11-04891 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 19, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kia Chevalier
Post Office Box 55641
Hayward, CA 94545-0641

Dated: September 19, 2012

                             Richard W. Wieking, Clerk
                                By: Lisa Clark, Deputy Clerk